UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
NICK GORDON,

                                Plaintiff,

          -against-

CITY OF NEW YORK; Police Officer JAMES TITUS, Shield No. 3128; Police Officer CHRISTOPHER ALVARADO, Shield No. 13379; Police Sergeant JOHN DOE 1, the name being fictitious and presently unknown; and Police Officers JOHN DOE 2-3, the names being fictitious and presently unknown, individually and in their official capacities,

                                Defendants.
------------------------------------------------------------------ X

**COMPLAINT**

14 CV 1432

Jury Trial Demanded

Plaintiff, by his attorneys, Harvis Wright & Fett LLP, alleges the following, upon information and belief, as his complaint:

## NATURE OF THE ACTION

1. This action is to recover money damages arising out of the violation of plaintiff's rights under the United States Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Nick Gordon is a resident of New York County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer James Titus, Shield No. 3128 ("Titus"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department and assigned to the 75th Precinct in Brooklyn, New York. He is liable for directly participating in the acts described herein and for failing to intervene to protect

plaintiff from the illegal conduct of his fellow officers.  Titus is sued in his individual and official capacity.

10. Defendant Police Officer Christopher Alvarado, Shield No. 13379 ("Alvarado"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department and assigned to the 75th Precinct in Brooklyn, New York.  He is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers.  Alvarado is sued in his individual and official capacity.

11. Defendant Police Sergeant John Doe 1, whose real name is presently unknown, at all times relevant herein, was an officer, employee and agent of the New York City Police Department and assigned to the 75th Precinct in Brooklyn, New York.  He is liable for failing to properly supervise his subordinates, directly participating in the acts described herein, and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers.  He is sued in his individual and official capacity.

12. At all times relevant, defendant Police Officers John Doe 2-3, whose real name and shield numbers are presently unknown, were officers, employees and agents of the New York City Police Department and assigned to the 75th Precinct in Brooklyn, New York.  They are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their

fellow officers. Defendants John Doe 2-3 are sued in their individual and official capacity.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## NOTICE OF CLAIM

14. Within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

15. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and damage and injuries claimed to have been sustained.

16. The New York City Comptroller's Office assigned the case claim number 2013PI021522.

17. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

18. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

## STATEMENT OF FACTS

19.     On June 5, 2013 at or around 9:30 p.m., Mr. Gordon was unlawfully detained and arrested, assaulted, and thereafter prosecuted on the false charge of marijuana possession.

20.     At that time, Mr. Gordon was in an automobile with an acquaintance coming from Queens and going to Park Slope, and was at and around the intersection of Pennsylvania Avenue and Jamaica Avenue in Brooklyn.

21.     The individual defendants stopped the automobile and Mr. Gordon, questioned him, and searched him and the auto.

22.     Without probable cause or reasonable suspicion to believe any crime or offense had been committed, the individual defendants nonetheless arrested Mr. Gordon and took him to the 75th Precinct Stationhouse.

23.     Individual defendants took but did not return Mr. Gordon's property.

24.     At the Stationhouse, the individual defendants prepared or allowed to be prepared false police reports accusing the plaintiff of possession of marijuana.

25.     Plaintiff was eventually taken to Brooklyn Central Booking to await arraignment.

26.     While Mr. Gordon was awaiting arraignment, defendant Titus caused others to make false statements to the Kings County District Attorney's Office, and the other individual defendant allowed Titus to so act.

27. The misrepresentations caused plaintiff to be prosecuted under Criminal Court Kings County Docket Number 2013KN043198 accusing Mr. Gordon of Criminal Possession of Marihuana in the Fifth Degree (P.L. §221.10[1], a B Misdemeanor) punishable by up to three months in jail and one year probation), and Criminal Possession of Marihuana (P.L. §221.05, a violation).

28. After more than twenty-four hours in custody, Mr. Gordon was arraigned on the false charges, an adjournment in contemplation of dismissal was entered, and plaintiff was released.

29. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, and prosecution of Mr. Gordon.

30. The individual defendants' acts and omissions caused plaintiff to suffer loss of liberty, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries. Plaintiff suffered the physical privations and indignities and the debasement of the arrest-to-arraignment process and the anxiety caused by the false testimony and evidence.

31. The individual defendants, at all times relevant, and in stopping, arresting, and imprisoning the plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously,

negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## FIRST CLAIM
### Unlawful Stop and Search

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they stopped plaintiff without reasonable suspicion.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages herein before alleged.

## SECOND CLAIM
### False Arrest

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

40. Plaintiff was conscious of his confinement.

41. Plaintiff did not consent to his confinement.

42. Plaintiff's confinement was not otherwise privileged.

43. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

44. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## FOURTH CLAIM
### State Law Assault and Battery

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

47. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. The individual defendants created false evidence against plaintiff.

51. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

52. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

53. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Abuse Of Process

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. The individual defendants issued legal process to place plaintiff under arrest.

56. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful conduct.

57. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. Each defendant present but who did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

61. Accordingly, each defendant who failed to intervene violated the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

62. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## EIGHTH CLAIM
## Improper Supervision of Subordinates

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. At all times relevant, one or more of the individual defendants were employed by the New York City Police Department in supervisory capacities with responsibility for and supervision of the conduct of the other individual defendants.

65. These defendants failed to properly supervise their subordinates or to otherwise take action to remedy the wrong done to the plaintiffs. These defendants were grossly negligent in supervising the other individual defendants by, among other things, failing to properly report upon the incident and failing to take any disciplinary action against the other individual defendants.

66. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## NINTH CLAIM
## Negligent Hiring, Training and Retention

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

64. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

65. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

66. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

67. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

**PRAYER FOR RELIEF**

  **WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

  (a) Compensatory damages against all defendants, jointly and severally;

  (b) Punitive damages against the individual defendants, jointly and severally;

  (c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

  (d) Such other and further relief as this Court deems just and proper.

DATED:  March 4, 2014
      New York, New York

            HARVIS WRIGHT & FETT LLP

            _____
            Baree N. Fett
            305 Broadway, 14th Floor
            New York, New York 10007
            (212) 323-6880
            bfett@hwandf.com

            *Attorney for Plaintiff*